**SCOTT E. SCHERMERHORN, ESQUIRE**
I.D. No. PA 60177
The Ritz Building
222 Wyoming Avenue
Scranton, PA 18503
(570) 348-1020

Attorney for Plaintiff,
Jennifer Kane

| | |
|---|---|
| **JENNIFER KANE** : | IN THE UNITED STATES DISTRICT |
| : | COURT FOR THE MIDDLE DISTRICT |
| Plaintiff : | OF PENNSYLVANIA |
| vs. : | |
| : | |
| **GAP, INC. t/a Old Navy** : | **JURY TRIAL DEMANDED** |
| : | |
| Defendant : | NO.: 3:17-CV-_____ |

## COMPLAINT

AND NOW COMES, the Plaintiff, Jennifer Kane, by and through her attorney, Scott E. Schermerhorn, Esquire, and files the within Complaint against the Defendant, GAP, Inc. t/a Old Navy, and in support of sets forth the following:

## THE PARTIES

1.      Plaintiff, Jennifer Kane, is an adult individual residing at 624 Main Street, Dickson City, County of Lackawanna, Pennsylvania 18519.

2.      Defendant, GAP, Inc., is a corporation organized and existing under the laws of the State of Delaware with its headquarters located at 2 Folsom Street, San Francisco, California, and at all times material herein traded and did business under the brand name "Old Navy."

3.      At all times material herein the Defendant, Gap, Inc. t/a Old Navy operated a retail store located at 100 Viewmont Mall, Dickson City, County of Lackawanna, Pennsylvania 18508.

Complaint.wpd

## JURISDICTION

4.  This Court has original jurisdiction in this action pursuant to 28 U.S.C. §1331 and 1343, and 42 U.S.C. §2000e-5, inasmuch as the matter in controversy is brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, ("ADEA"), 29 U.S.C. 621 et seq.; and Americans with Disabilities Act (ADA) 42 U.S.C. §§12101, et seq., of 1990, and ADA Amendments Act of 2008.; and Plaintiff also brings this action pursuant to state remedies under the Pennsylvania Human Relations Act, 43 P.S. §951-963.

5.  Venue is proper in this judicial district under 28 U.S.C. 1391(b) because the Defendant has a place of business in this judicial district, and the events or omissions giving rise to the claim occurred in this judicial district.

6.  The declaratory relief prayed for in this action is authorized by 28 U.S.C. 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure. This suit is to redress the deprivation of the Plaintiff's rights secured by the United States and applicable federal laws and regulations providing for equal rights of citizens of all persons within the jurisdiction of the United States.

7.  Plaintiff has exhausted her administrative remedies with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC). A charge of employment discrimination on the basis of age discrimination and retaliation was filed with the EEOC within 300 days of commission of the unlawful employment practice alleged herein (and dual filed with the PHRC within 180 days). A notification of Right to Sue was issued by the EEOC

on April 25, 2017. The complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue. (Attached hereto and marked as Exhibit "A" is a true and correct copy of said notification by the EEOC issued April 25, 2017.)

## PRELIMINARY STATEMENT

8.  This is an action seeking declaratory relief and damages on behalf of the Plaintiff who was discriminated against by the Defendant due to her age in violation of the Age Discrimination in Employment Act of 1967, as amended, ("ADEA"), 29 U.S.C. 621 et seq., and due to her perceived disability in violation of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101, et seq. and the Pennsylvania Human Relations Act (43 P.S. §955(a)).

9.  Defendant is an employer with significantly more than 15 employees.

10. At all times material, the Defendant acted by and through its employees, representatives, agents, or servants, acting within the course and scope of their employment.

## STATEMENT OF FACT

11. At all times material, the Plaintiff was a female, age 40 (Date of Birth: 10/11/75).

12. Defendant, Gap, Inc., is an international speciality retailer offering clothing, accessories and personal care products for men, women, children and babies under the GAP, Banana Republic, Old Navy, Athleta and Intermix brands.

13. At all times material herein, the Plaintiff was an employee of the Defendant specifically assigned as the Manager of the Old Navy store located at the Viewmont Mall in Dickson City, Pennsylvania.

14.     Prior to September of 2014, the Plaintiff successfully managed an Old Navy location in Luzerne County which was one of the most profitable stores in the Northern Zone.

15.     On or about September of 2014, the Plaintiff was transferred to the position of General Manager of the Old Navy store located at the Viemont Mall, Dickson City specifically to make improvements to the store and its employees, which she did.

16.     On or about January of 2015, the Defendant hired a new District Manager, Jacob Duprey, who oversaw the several stores, including the Viewmont Mall store.

17.     On or about January through May of 2015, the new District Manager, Jacob Duprey, created animosity between the employees of the Viewmont Mall store and the Plaintiff as its Manager, which lead to many of the team leaders quitting employment with the Defendant in May of 2015 thereby creating a shortage of employees at the store.

18.     As a result of the shortage of team leaders beginning in May of 2015, the Plaintiff was required to work seven (7) days per week, for approximately fifteen (15) hours per day.

19.     As a further result, the Plaintiff began to experience panic attacks at work due to the significant hours of work that the Defendant required the Plaintiff to work each week, to wit: approximately **110 hours of work per week**.

20.     As a further result, the Plaintiff was prescribed medication by her family doctor in late May, early June of 2015, for the panic attacks that she experienced at work, including from the time she parked her car to entering the store each day.

21.     On or about June of 2015, after approximately one (1) month of working excessive

hours and experiencing panic attacks due to the same, the Plaintiff specifically notified the District Manager, Duprey, that she could not work 7 days per week, 15 hours per day for an approximate 110 hours per week, as it was causing major physical and mental sickness, including panic attacks; and she specifically requested to have her work schedule modified to work approximately 40-50 hours per week.

22.    Despite the Plaintiff's request to reduce the absurd number of working hours from approximately 110 hours per week to a lesser amount, the District Manager, Duprey, ignored the request for an accommodation of a modified work schedule from approximately 110 hours per week to a lesser amount thus requiring the Plaintiff to continue working 7 days per week, 15 hours per day for months.

23.    Plaintiff was forced to forfeit her accrued paid time off due to the requirement to work excessive hours, as aforesaid.

24.    Plaintiff continued to work approximately 110 hours per week for the month of June of 2015, and then slowly was able to reduce her hours to approximately 80 hours per week, 6 to 7 days per week, for July, August and September of 2015, all the while continuing to experience panic attacks at work on a daily basis.

25.    On August 21, 2016, the District Manager issued a false and/or fabricated and/or made-up "corrective action" specifically designed to constitute a first warning with the goal of eventually terminating the Plaintiff from her employment as retaliation for asking for an accommodation of a modified work schedule that included less hours, and to avoid addressing the Plaintiff's request for a reasonable accommodation, albeit an actual or perceived disability, and in order to eventually

replace the Plaintiff with a younger employee.

26.    On or about August 21, 2015, the District Manager, Duprey, informed the Plaintiff that he would be hiring younger, newer talent to assist the Plaintiff in her Manager duties at the Viewmont store.

27.    On or about September of 2015, the Defendant began to hire younger employees for the Viewmont store thereby permitting the Plaintiff to reduce her hours of work from approximately 80 hours per week to approximately 50-60 hours per week for the period of September through the date of her termination on January 30, 2016.

28.    On or about September of 2015, the Defendant hired a younger employee, Alexis Artabane, who is outside the Plaintiff's protected age class (approximate age 25), who specifically admitted to the Plaintiff that she was going to be the Manager of the Viewmont store despite the fact that the Plaintiff was the current Manager.

29.    On or about November of 2015, the aforesaid employee, Alexis Artabane, was promoted to Manager of the Old Navy store located in Wilkes-Barre.

30.    At the time of her promotion to Manager for the Wilkes-Barre store, Alexis Artaban was asked by the District Manager, Duprey, who she would suggest to be the store manager of the Old Navy located in the Viewmont Mall where the Plaintiff was then employed as the Manager. She allegedly suggested that Michael Riggi, approximate age 30, be made the Manager.

31.    It is believed and averred that the Defendant specifically stalled its eventual decision to illegally and/or wrongful terminate the Plaintiff's employment at anytime from November to December of 2015 due to the very busy holiday season, and instead

Complaint.wpd

choose to wait until January of 2016 to replace the Plaintiff with a younger employee, and as retaliation for her previous requests for a reasonable accommodation in the nature of a modified work schedule and/or to get rid of her based upon its perceived disability of the Plaintiff.

32.     As further retaliation, and an act of discrimination, the Defendant, through its District Manager, Jacob Duprey, issued a "Final Written Warning" on January 3, 2016, immediately following the busy holiday season, once again making false and/or fabricated and/or made-up reasons for the same, and this time specifically including an alleged verbal warning dated May 31, 2015 that was clearly missing from the written warning dated August 31, 2015; all of which were intentionally used as grounds to wrongfully and/or illegally terminate the Plaintiff from her employment.

33.     On January 30, 2016, the Plaintiff was wrongfully and/or illegally terminated by the Defendant by acts of discrimination to include, age, disability, perceived disability and retaliation.

34.     Defendant immediately replaced the Plaintiff with a younger employee, Michael Riggi, with an age of approximately thirty (30) and outside the Plaintiff's protected age class.

## Count I
### (Age Discrimination in Employment Act of 1967, as amended, ("ADEA"), 29 U.S.C. 621 et seq.)

35.     Plaintiff re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs as if the same were set forth at length herein.

36.     At the time of her discharge, the Plaintiff's protected age class was 40.

37.    Defendant, GAP, Inc. t/a Old Navy discriminated against the Plaintiff on the basis
of her age.

38.    There was no legitimate non-discriminatory basis for terminating the Plaintiff and
replacing her as a Manager with another employee outside the protected age class
other than age.

39.    Age was not a bona fide occupational qualification reasonably necessary to the
normal operation of the Defendant's particular business, nor was the differentiation
based on reasonable factors other than age.

40.    The replacement of the Plaintiff with another employee who was outside the
Plaintiff's protected age class does not fit any statutory exceptions.  There is no bona
fide occupational qualification reasonably necessary to the normal operation of the
Defendant that would involve replacing the Plaintiff with a younger employee.
Moreover, there is no differentiation based on reasonable facts other than age that
justified the hire/replacement.  The Plaintiff had extensively more experience and
better qualifications than the new hire/replacement.

41.    The actions taken by the Defendant, as described above, constitute violations of the
Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 et seq, as
amended (1991).

42.    The actions taken by the Defendant, as described above, were retaliatory.

43.    The Defendant's actions, as set forth herein, were willful.

44.    Defendant has acted with malice or with reckless indifference to the federally
protected rights of the Plaintiff.

45.     As a direct and proximate result of the Defendant's discrimination on the basis of
        age, the Plaintiff has suffered a loss of employment with the Defendant, with
        corresponding lost wages and benefits.

46.     Defendant's discriminatory actions  has caused, continues to cause, and will cause
        the Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss
        of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, the Plaintiff respectfully demands that the Court grant the following relief:

A.      Issue a judgment declaring that the acts of commission or omission by the
        Defendant complained of herein violate the Age Discrimination in
        Employment Act (ADEA), 29 U.S.C. 621 et seq, as amended (1991);

B.      Order that the Defendant be permanently enjoined from engaging in
        discrimination against its employees;

C.      Order the Defendant to install the Plaintiff to her position as Manager with
        all pay and benefits which she would have received if the wrongful acts
        alleged herein had not occurred; or if such order is not feasible, that the
        Plaintiff be awarded front pay;

D.      Order the Defendant to pay the Plaintiff the back pay and benefits she would
        have earned if she was not wrongfully terminated;

E.      Order the Defendant to pay compensatory damages;

F.      Order the Defendant to pay liquidated damages for its willful acts;

G.      Order the Defendant to pay the Plaintiff's reasonable attorney fees and costs
        of this action;

H.     Order that this Honorable Court retain jurisdiction over this action to ensure full compliance with the Orders of the Court and with applicable laws and require Defendant to file such reports as the Court deems necessary to evaluate such compliance; and

I.     Order such further relief as is deemed just and proper.

## Count II
### (Americans with Disabilities Act, 42 U.S.C. §12101, et seq., and ADA Amendments of 2008)

47.   Plaintiff re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs as if the same were set forth at length herein.

48.   Plaintiff brings this cause of action for a violation of the Americans with Disabilities Act, and amendments thereto,  against the Defendant, her former employer, as she was subjected to an adverse action prohibited by the ADA due to an actual or perceived physical or mental impairment, whether or not the impairment limits or is perceived to limit a major life activity.  (42 U.S.C. §12102(3)(A).

49.   Plaintiff's "regarded as" disability focuses on the reactions and perceptions of the Defendant, by and through its employees, interacting or working with the Plaintiff resulting in the adverse employment action, including termination, due to the actual or perceived impairment of the Plaintiff.

50.   At all times material, the Plaintiff requested a reasonable accommodation in the nature of modified work schedule specifically working less hours instead of the work schedule that required her to work 15 hours per day, 7 days per week for a total of 110 hours per week.

51.  A modified schedule is a form of a reasonable accommodation.  (42 U.S.C. §12111(9)(B))

52.  Plaintiff's actual disability focuses on the Plaintiff specifically informing the District Manager, Jacob Duprey, on or about June of 2015, and continuing thereafter, that she could not work 7 days per week, 15 hours per day for an approximate 110 hours per week, or any amount of excessive hours and days, as it was causing major physical and mental sickness, including panic attacks; and she specifically requested to have her work schedule modified to work approximately 40-45 hours per week.

53.  Plaintiff's disability or impairment was substantially limiting to one or more of the Plaintiff's major life activities, including but not limited to, caring for herself, performing manual tasks, eating, sleeping, speaking, reading, concentrating, thinking, communicating and/or working.

54.  Plaintiff's disability or impairment, i.e., panic attacks, was not transitory or minor, and instead lasted or was expected to last more than six months in duration.

55.  Plaintiff's disability or impairment, when episodic, was substantially limiting when active.

56.  At all times material the Plaintiff was a "qualified individual" within the meaning of the ADA in that she was able to perform the essential functions of her employment position with or without reasonable accommodation.

57.  The ADA prohibits the Defendant, employer herein, from discriminating against a qualified individual on the basis of disability and/or perceived disability.

58.  Plaintiff had a disability, and the Defendant discharged her from employment based

upon that disability.

59.     Defendant perceived the Plaintiff to have a disability, and discharged her from employment based upon that perception of disability.

60.     There was no legitimate non-discriminatory basis for terminating the Plaintiff. Instead, the Defendant's actions were a pretext for unlawful discrimination.

61.     Defendant wrongfully and unlawfully denied the Plaintiff the entitlement to procedural safeguards under the Americans with Disabilities Act based upon the Defendant's perceived disability of the Plaintiff and/or the actual disability or impairment of the Plaintiff.

62.     Defendant has acted with malice or with reckless indifference to the federally protected rights of the Plaintiff.

63.     As a direct and proximate result of the Defendant's discrimination on the basis of disability and/or perceived disability, the Plaintiff has suffered a loss of her employment, and lost wages and benefits.

64.     Defendant's discriminatory actions, and violation of the ADA, has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, the Plaintiff, Jennifer Kane, demands judgment in her favor and against the Defendant, GAP, Inc. t/a Old Navy, as follows:

(a)     That this Honorable Court declare that the practices of the Defendant were discriminatory and in violation of Americans with Disabilities Act (ADA) 42 U.S.C. §§12101, et seq., and amendments of 2008 thereto;

(b)     Order that the Defendant be permanently enjoined from engaging in discrimination against its employees;

(c)     Order that the Defendant be permanently enjoined from discriminating against its employees on the basis of disability and/or perceived disability;

(d)     Order the Defendant to pay the Plaintiff back pay.

(e)     Order the Defendant to reinstate the Plaintiff with all pay and benefits which she would have received if the wrongful acts alleged herein had not occurred; or if such order is not feasible, that the Plaintiff be awarded front pay;

(f)     Order the Defendant to pay compensatory damages;

(g)     Order the Defendant to pay punitive damages for its intentional, reckless and wanton acts;

(h)     Order the Defendant to pay the Plaintiff's reasonable attorney fees and costs of this action;

(i)     Order that this Honorable Court retain jurisdiction over this action to ensure full compliance with the Orders of the Court and with applicable laws and require Defendant to file such reports as the Court deems necessary to evaluate such compliance; and

(j)     Order such further relief as is deemed just and proper.

## Count II
### (Pennsylvania Human Relations Act
### 43 P.S. §§951, et seq.)

65.     Plaintiff re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs as if the same were set forth at length herein.

66.     The unlawful employment practices, as set forth above, in addition to retaliation,

constitute violations of the Pennsylvania Human Relations Act, 43 P.S. §955(a), et

seq., on the basis of age, perceived disability and/or retaliation.

WHEREFORE, the Plaintiff respectfully demands that the Court grant the following relief:

A.     Issue a judgment declaring that the acts of commission or omission by the

Defendant complained of herein violate the Pennsylvania Human Relations

Act, 43 P.S. §951, et seq.;

B.     Order that the Defendant be permanently enjoined from engaging in

discrimination against its employees;

C.     Order the Defendant to reinstate the Plaintiff to her position as a Manager

with all pay and benefits which she would have received if the wrongful acts

alleged herein had not occurred; or if such order is not feasible, that the

Plaintiff be awarded front pay;

D.     Order the Defendant to pay the Plaintiff the back pay, seniority and benefits

she would have earned if she was not wrongfully terminated;

E.     Order the Defendant to pay compensatory damages and/or any other damages

authorizes under the PHRA;

F.     Order the Defendant to pay the Plaintiff's reasonable attorney fees and costs

of this action;

G.     Order that this Honorable Court retain jurisdiction over this action to ensure

full compliance with the Orders of the Court and with applicable laws and

require Defendant to file such reports as the Court deems necessary to

evaluate such compliance; and

H.    Order such further relief as is deemed just and proper.


Scott E. Schermehorn, Esquire
Attorney for Plaintiff, Jennifer Kane
The Ritz Building
222 Wyoming Avenue
Scranton, PA 18503
(570) 348-1020

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Jennifer Kane
    624 Main Street
    Dickson City, PA 18519

From: Atlanta District Office
      100 Alabama Street, S.W.
      Suite 4R30
      Atlanta, GA 30303

[ ] On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-02848 | Lucy Hamer, Investigator | (404) 562-6580 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Bernice Williams-Kimbrough,
District Director

(Date Mailed)

cc:  Henry Fong, Esq.
     Attorney at Law
     GAP, INC.
     Corporate Law Department
     2 Folsom Street, 13th Floor
     San Francisco, CA 94105



EXHIBIT
A
tabbies